Filed 8/27/20  P. v. Millsap CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KEVIN L. MILLSAP,<br><br>      Defendant and Appellant. | B302075<br><br>(Los Angeles County<br>Super. Ct. No. MA063684) |

APPEAL from an order of the Superior Court of Los Angeles County.  Christopher G. Estes, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Kevin Millsap appeals from the denial of his petition to dismiss his six-year sentence for the offense of possession of cannabis while in state prison. Millsap argues he is entitled to relief because Proposition 64, enacted by the voters in 2016, legalizes the possession of 28.5 grams of cannabis or less by persons 21 years of age or older, even in prisons and other correctional facilities.

There exists a split of authority on whether Proposition 64 extends its reach to possession of cannabis in correctional facilities. The First, Fourth, and Sixth Districts hold Proposition 64 did not affect existing prohibitions against the possession of cannabis in prison. (*People v. Perry* (2019) 32 Cal.App.5th 885, 890 (*Perry*), review denied; *People v. Whalum* (2020) 50 Cal.App.5th 1, 6 (*Whalum*); *People v. Herrera* (July 31, 2020, H046631) __Cal.App.5th__ [2020 WL 4383480] (*Herrera*).) The Third District reached the opposite conclusion. (*People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*).) The California Supreme Court has granted review in *Raybon* (Aug. 21, 2019, S256978) and *Whalum* (Aug. 12, 2020, S262935) to resolve the issue. Pending a decision by the Supreme Court, we will follow *Perry, Whalum,* and *Herrera.* We therefore affirm the denial of Millsap's petition.

## DISCUSSION

In 2015, a jury found Millsap guilty of possession of a controlled substance (2.1 grams of cannabis) in state prison in violation of Penal Code section 4573.6, subdivision (a).[1] The trial

_____

[1] Penal Code section 4573.6, subdivision (a), provides in pertinent part: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing

court sentenced Millsap to six years in state prison to be served consecutively to his current sentence.

On November 8, 2016, California voters passed Proposition 64, which among other things, made lawful the possession of not more than 28.5 grams of cannabis by persons 21 years of age or older "[s]ubject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law[.]" (Health & Saf. Code, § 11362.1, subds. (a)(1).)[2]

Relevant to this appeal, section 11362.45, subdivision (d), sets forth a carve out which provides: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code." (§ 11362.45, subd. (d).)

Proposition 64 also established a procedure by which "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser

---

with Section 11000) of the Health and Safety Code, . . . without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison . . . or by the specific authorization of the warden, superintendent, jailer, or other person in charge of the prison . . . is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

[2] All further section references are to the Health and Safety Code unless otherwise specified.

offense under [Proposition 64] had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence . . . "  (§ 11361.8, subd. (a).)

Millsap filed a petition pursuant to section 11361.8, subdivision (a), on August 8, 2019, seeking dismissal of his sentence.  The trial court denied it, holding Proposition 64 did not legalize possession of cannabis in prison.

Millsap appealed and argues he is entitled to relief because Proposition 64 decriminalizes cannabis-related offenses such as his.  He asserts the "clear and unambiguous" language in section 11362.1 makes lawful the possession of not more than 28.5 grams of cannabis by persons 21 years of age or older "notwithstanding any other provision of law."  (§ 11362.1, subd. (a).)  According to Millsap, the phrase "notwithstanding any other provision of law" is a term of art that declares the voters' intent to override any contrary law.  He asserts Penal Code section 4573.6, subdivision (a), the statute under which he was convicted, is the contrary law that is overridden by Proposition 64.

Millsap discounts the carve-out provision found in section 11362.45, subdivision (d), arguing it applies only to laws prohibiting "smoking or ingesting cannabis" in prison.  Because he was convicted of possession of cannabis, he contends the carve-out provision does not apply to his offense.

*Perry*, *Whalum,* and *Herrera* expressly rejected Millsap's interpretation of the carve-out provision found in section 11362.45, subdivision (d).  *Perry* and *Herrera* interpret the carve-out provision to include Penal Code section 4573.6, subdivision (a), as a statute "pertaining to smoking or ingesting cannabis" in prison.  *Whalum*, interpreting a related statute, agrees. Thus, Proposition 64 does not "amend, repeal, affect, restrict, or

preempt" Penal Code section 4573.6, subdivision (a). *Raybon,* on the other hand, supports Millsap's position. We find the reasoning in *Whalum*, *Perry,* and *Herrera* to be persuasive and decline to follow *Raybon.* The courts in *Perry, Whalum,* and *Herrera* thoroughly examined Proposition 64 and the statutory scheme prohibiting cannabis in correctional facilities to conclude Proposition 64 did not legalize the possession of cannabis in state prison. We thus adopt their reasoning without the need to repeat it.

## DISPOSITION

The order denying Millsap's petition for relief pursuant to section 11361.8, subdivision (a) is affirmed.

BIGELOW, P. J.

We Concur

GRIMES, J.

STRATTON, J.

5